UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 20-20668-CIV-MORENO**

MATTHEW FAISON,

      Plaintiff,

vs.

JOHN HENDRY DOE, JIMMIE CARE, and
JILL CARE,

      Defendants.
_____/

### ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

THIS CAUSE came before the Court upon a *sua sponte* review of the record.

THE COURT has reviewed the Complaint, the Motion to Proceed *In Forma Pauperis* and supporting affidavit, and the Notice of Intent, all filed on **February 14, 2020**, and is otherwise fully advised in the premises.

Where a prisoner has, on three or more previous occasions, brought an action or appeal that was dismissed as frivolous, malicious, or failing to state a claim, he is prohibited from bringing another civil action without paying the filing fee unless he is under imminent danger of serious bodily injury. *See* 28 U.S.C. § 1915(g); *Waseem Daker v. Warden*, 2020 WL 751817, at *2 (11th Cir. Feb. 14, 2020) (*per curiam*).

Here, the Plaintiff acknowledges in the Complaint that he is a "three striker." (*See* D.E. 1 at 8.)[1] Thus, the Plaintiff is only entitled to proceed without payment of court fees if he adequately

---

[1] Recently, this Court affirmed and adopted a Report and Recommendation by Magistrate Judge Reid, which, "[r]ather than recounting Plaintiff's decades of frivolous litigation," took judicial notice of at least three cases filed by the Plaintiff that were dismissed as frivolous. *See Faison v. State of Fla.*, Case No. 19-25264-CV-MORENO, D.E. 5 at 3, (S.D. Fla. Jan. 13, 2020).

alleges that he is "under imminent danger of serious physical injury." § 1915(g).

When determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, his complaint is construed liberally, and his allegations accepted as true. *Waseem Daker*, 2020 WL 751817, at *2 (citing *Brown v. Johnson*, 387 F.3d 1344, 1349–50 (11th Cir. 2004)). General assertions, however, are insufficient to invoke the "imminent danger" exception in Section 1915(g). *See Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) (citing *Skillern v. Paul*, 202 F. App'x. 343, 344 (11th Cir. 2006) (*per curiam*)). To satisfy his burden, the Plaintiff "must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed." *Id.*

Here, the Plaintiff summarily asserts that he is "under imminent danger of serious physical medical injury for the medical clinic [is] not providing treatment." (*See* D.E. 1 at 8.) Without any supporting factual allegations about the nature of his ailments and the treatment he is receiving, who is refusing to provide the treatment, and when and how the treatment is being refused, the Court finds that this generalized and conclusory assertion is not enough to allege imminent danger of serious physical injury such that the Plaintiff can proceed without paying the required filing fee. *See, e.g., Skillern*, 202 F. App'x. at 344 (affirming dismissal of complaint where "vague statements [did] not satisfy the dictates of § 1915(g)"); *Abdullah*, 955 F. Supp. 2d at 1307 (denying motion to proceed *in forma pauperis* and dismissing complaint where the plaintiff "failed to present any evidence to support his allegation that he [was] in imminent danger of serious physical injury entitling him to invoke the exception" in Section 1915(g)).

For these reasons, it is

**ADJUDGED** that because the Plaintiff is a "three striker" under Section 1915(g) and has

not adequately alleged that he is under "imminent danger of serious physical injury," his Motion to Proceed *In Forma Pauperis* **(D.E. 3)** is **DENIED** and the Complaint **(D.E. 1)** is **DISMISSED** without prejudice. *See Waseem Daker*, 2020 WL 751817, at *2 ("[W]hen a district court denies leave to proceed IFP pursuant to § 1915(g), it must dismiss the complaint without prejudice, without giving the inmate an opportunity to arrange payment of the fee.") (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*)).

**DONE AND ORDERED** in Chambers at Miami, Florida, this __10__ of February 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Matthew Faison
038634-CI-125
Calhoun Correctional Institution
Inmate Mail/Parcels
19562 SE Institution Drive
Blountstown, FL 32424
<u>Pro Se</u>