UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20668-BLOOM

MATTHEW FAISON,

    Plaintiff,
v.

JOHN H. DOE, JIMMIE & JILL CARE,

    Defendants.
_____/

## ORDER ON MOTION WARRANT THE COURT FOR ENFORCEMENT ON THE TACTIC OF ANCILLARY ENFORCEMENT JURISDICTION OF THE TACTICS NOT BEING ABLE TO RECEIVE FED. R. CV. P. 4(b)

**THIS CAUSE** is before the Court upon *pro se* Plaintiff's Motion Warrant the Court for Enforcement on the Tactic of Ancillary Enforcement Jurisdiction of the Tactics Not Being Able to Receive Fed. R. CV. P. 4(b), ECF No. [25] ("Motion"). The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

On February 20, 2020, the Court entered an order dismissing Plaintiff's Complaint and denying his request for leave to proceed *in forma pauperis*. The basis for dismissal is that Plaintiff is a "three-striker" under 28 U.S.C. section 1915(g), and Plaintiff had not adequately alleged to be under imminent danger of serious physical injury. *See* ECF No. [7] ("Dismissal Order"). Thereafter, Plaintiff sought reconsideration of the Dismissal Order, which the Court denied. *See* ECF No. [9]. The Court also denied as moot Plaintiff's subsequent request for recusal. *See* ECF No. [11] ("Recusal Order"). Plaintiff filed an appeal of the Recusal Order, which was dismissed

by the United States Court of Appeals for the Eleventh Circuit. *See* ECF No. [16].[1] Subsequently, Plaintiff requested recusal, which the Court again denied as moot. *See* ECF Nos. [17], [18] ("Second Recusal Order"). Plaintiff filed an appeal of the Second Recusal Order, which was dismissed by the Eleventh Circuit. *See* ECF No. [24]. Now, more than 17 months later, Plaintiff has filed the instant Motion.

In the Motion, Plaintiff invokes the Court's "ancillary jurisdiction" and contends that, notwithstanding the procedural posture of this case, his "claim can be heard again on whether the suit has merits." ECF No. [25]. As the Court understands the Motion, Plaintiff is in essence requesting that the Court reconsider the Dismissal Order.

A motion for reconsideration requests that the Court grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x. 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F.

---

[1] This case was reassigned from United States District Judge Federico A. Moreno to the undersigned on September 9, 2020. *See* ECF No. [19].

Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood*, 300 F. App'x at 700 (citation omitted).

Upon review, Plaintiff fails to argue or set forth any ground warranting reconsideration. Accordingly, Plaintiff's Motion, **ECF No. [25]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 1, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Matthew Faison, *pro se*
038634
Wakulla Correctional Institution
Inmate Mail/Parcels
110 Melaleuca Drive
Crawfordville, FL 32327

3